Salvador **SANDOVAL RAMIREZ,** Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–70525.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2011.*

Filed Aug. 15, 2011.

Christopher John Stender, Esquire, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

Anthony Cardozo Payne, Senior Litigation Counsel, David V. Bernal, Assistant Director, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Salvador Sandoval Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction under 8 U.S.C.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1252. We review for abuse of discretion the denial of motion to reopen and review de novo questions of law and constitutional claims. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Sandoval Ramirez's motion to reopen as untimely where he filed the motion more than three years after the final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Contrary to Sandoval Ramirez's contention that he may seek reopening at any time to apply for relief under the Convention Against Torture ("CAT"), the time limit set forth in 8 C.F.R. § 1003.2(c)(2) applies to motions to reopen requesting CAT relief.

The BIA did not abuse its discretion in concluding that Sandoval Ramirez failed to establish the due diligence required for equitable tolling of the filing deadline, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003), or changed circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c)(3)(ii). His contentions that the filing deadline should be tolled based on his psychological state and the government's failure to notify him of the filing deadline are unavailing.

In light of our disposition, we need not reach Sandoval Ramirez's remaining contentions.

**PETITION FOR REVIEW DENIED.**